UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAABIR ABDULLAH,

        Plaintiff,        Case No. 1:16-cv-1292

v.        Hon. Robert J. Jonker

KEVIN MORTON,
*et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff.[1] This matter has been referred to the undersigned for all pretrial purposes. *See* Order of Reference (docket no. 4). For the reasons discussed below, plaintiff's petition/complaint should be dismissed for lack of subject matter jurisdiction.

**I.    Background**

Plaintiff identifies himself as "Imam-$aabir ABDULLAH., Authorized Representative, Natural Person, In Propria Persona: Ex Relatione Your$aabir Abdullah: All Rights Reserved: U.C.C. 1-207/ 1:308; U.C.C. 1-103 Not a Corporate Person or Entity, Misrepresented by Fraudulent Construct of ALL CAPITAL LETTERS 1701 Thomas Se (T.D.A.) NEAR GRAND RAPIDS MICHIGAN [49506] Non-Domestic". *See* PageID.1. He commenced this action by filing

---

[1] As discussed, *infra*, Abdullah filed a paper entitled "Writ of Mandamus." The Clerk's Office designated this as a petition for writ of mandamus. However, Abdullah is referred to on the docket sheet as plaintiff (rather than petitioner). In this regard, the Court notes that the relief sought includes compensatory and punitive damages. For purposes of this report and recommendation, the undersigned will use the terminology employed in the docket sheet and refer to Abdullah as "plaintiff" rather than "petitioner."

a"Writ of Mandamus" (docket no. 1). Such writs are authorized under 28 U.S.C. § 1361, which provides that, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

This matter is based upon a document entitled "Writ of Mandamus" (docket no. 1, PageID.1-6). This document consists of what appears to be a form or "cut and paste" document setting forth the Moorish citizen theory, with plaintiff's specific claims being handwritten lists and statements which appear related to a child custody dispute involving individuals in Michigan, the Superior Court of Arizona, Magistrate Pro Tem Christine Mullenax, the "ABDULLAH Heiresses", a "violation of the Constitution, 'Right to Due Process'", and requests for relief including the return of plaintiff's son, compensatory damages, punitive damages, and further pursuit of the matter "with civil and criminal prosecution." Writ at PageID.1-6. In summary, it appears that the purpose of this writ is to have this Court unravel state court proceedings in either Michigan, Arizona, or both, based upon a due process violation and plaintiff's treaty rights as a Moorish citizen.

Plaintiff has incorporated the following exhibits to his complaint: an "Affidavit of Fact" ("Exercise of Constitution / Treat Secured Right") (stating in part, "I demand, as is my Secured Constitutional Treaty Rights, that this court accept and honor the documentation that was submitted in good faith and process them accordingly") (docket no. 1-1, PageID.7); an "Affidavit of Fact" ("Exercise of Constitution / Treat Secured Right") ("Enclosed is a 'Writ of Removal' removing this claim to the Supreme Court, the International Criminal Court, and the International Court of Justice as this is an International Violation against the Aboriginal Indigenous People of North America by the Corporate UNITED STATES OF AMERICA enclave THE STATE OF MICHIGAN its

2

agencies/agents") (docket no. 1-1, PageID.8); an "Affidavit of Fact" (regarding plaintiff's arrest and incarceration in Michigan and legal proceedings in Arizona involving defendants) (docket no. 1-2, PageID.9); an "Affidavit of Fact" ("The Law of Void Judgments and Decisions Supreme Court Decisions on Void Orders") (docket no. 1-2, PageID.10); an undated letter or e-mail to defendants Karlesse Morton and Kevin Morton regarding "false papers" signed illegally by Kalesse Morton (docket no. 1-2, PageID.11-12); an "Averment of Jurisdiction - Quo Warranto" from "THE ADBDULLAH NATION" (challenging state and federal jurisdiction and requesting "Delegation of Authority" and "Proof of jurisdiction as required by Law, per article III, Section 1 of the United States Republic Constitution") (docket no. 1-3, PageID.13-14); an "Affidavit of Fact" and "Writ of Discovery" challenging this Court's jurisdiction (i.e., "This is a formal request for a certified copy of the 'Certified Delegation of Authority Order' issued to The United States District Court for the District of MICHIGAN and confirmed by Congress") (docket no. 1-4, PageID.15-16); and, an "Affidavit of Fact" for "RELIEF SOUGHT" (docket no. 1-5, PageID.17-18).

## II. Discussion

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Applying these rules of construction, the Court concludes that plaintiff's writ, which also appears to be a complaint for damages, fails to establish subject matter jurisdiction in this Court.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). To survive a motion to dismiss, a plaintiff must state a claim for relief that is plausible on its face, meaning that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, plaintiff has failed to allege a claim that is plausible on its face. Other than referring to "due process," plaintiff's writ and other documents are a collection of largely incomprehensible gibberish, which seek relief from this Court while concurrently challenging this Court's jurisdiction.

Plaintiff's petition/complaint is based upon the contention that he is a Moorish citizen subject to treaty rights between the United States and the Moroccan Empire, e.g., that "[t]he Moors are the founders and are the true possessors of the present Moroccan Empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes" and that as an "Aboriginal Indigenous Moorish-ABDULLAH " he is subject to treaties entered into between Morocco and the United States in 1787 and 1836. *See* Writ at PageID.2-3. Irrespective of the other defects in the petition/complaint, plaintiff's contention that he is a Moorish citizen subject to treaty rights between the United States and the Moroccan Empire is patently frivolous and grounds for dismissal for lack of jurisdiction. *See Idrissa El ex rel. Brewton v. Beal*, No. 1:14-CV-96-FDW, 2014 WL 2812786 at *2 (W.D.N.C. June 23, 2014) ("Plaintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous."); *El Bey v.*

*Centralia Police Department*, No. 13-CV-313-JPG, 2013 WL 1788514 at *3 (S.D. Ill. April 26, 2013) ("Plaintiff is free to call himself a Moorish American National, or any other description that suits him. However, he is subject to state and federal laws, just like any other person regardless of citizenship. This Court joins the opinions cited above in rejecting Plaintiff's contention that he is not subject to Illinois laws or the jurisdiction of the Circuit Court where, it appears, his misdemeanor prosecution is still pending."); *Pitt-Bey v. D.C.*, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting argument that appellant convicted of disobeying the lawful order of a police officer had "immunity from prosecution under the Moroccan-American Treaty of Peace and Friendship, ratified by President Andrew Jackson on January 28, 1837"). The allegations set forth in plaintiff's petition/complaint fail to establish subject matter jurisdiction in this Court because they are totally implausible, unsubstantial, frivolous, devoid of merit, and no longer open to discussion. Accordingly, this action should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).[2]

### III.   RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's Writ of Mandamus be dismissed.

Dated:  April 13, 2017    /s/ Ray Kent
RAY KENT
United States Magistrate Judge

---

[2] Even if this Court had jurisdiction, plaintiff's writ would be dismissed as meritless because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).